# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN WILLIAM GENTRY, *ET AL.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC.,<br><br><br>*Defendant.* | CASE NO. 3:13–cv–00030<br><br>OPINION<br><br>JUDGE NORMAN K. MOON |
| ALIM ABDURAHMAN, *ET AL.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC., *ET AL.*,<br><br><br>*Defendants.* | CASE NO. 3:14–cv–00002<br><br>OPINION<br><br>JUDGE NORMAN K. MOON |
| JIHAD ABDUL-MUMIT, *ET AL.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC., *ET AL.*,<br><br><br>*Defendants.* | CASE NO. 3:14–cv–00005<br><br>OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiffs in each of these three cases move for reconsideration under Rule 59(e) of the Court's January 23, 2017 opinion (January Opinion) dismissing the *Abdurahman* and *Abdul-*

*Mumit* cases in whole and the *Gentry* case in part. (*See* dkt. 111 & 112 in *Gentry*[1]). The facts and procedural history of this case are lengthy, well-known to the parties, and discussed thoroughly in the January Opinion, so they will not be repeated here.

Plaintiffs' motions often either reargue points already exhaustively briefed prior to the January Opinion, or raise new arguments that should have been presented earlier. Plaintiffs' arguments that do not fall within those categories are without merit. For those reasons, the motions for reconsideration will be denied.

Plaintiffs' motions are styled as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). That Rule is inapplicable to *Gentry*, because the Court did not enter judgment in that case within the meaning of Rule 54. Rather, the Court granted in part and denied in part Defendant HMA's motion to dismiss. As such, the ruling in *Gentry* is an interlocutory one under Rule 54(b), "and the decision to revisit such an order is committed to the Court's discretion as part of its inherent authority." *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (compiling cases). Courts have "distilled the grounds for a Rule 54(b) motion for reconsideration to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Id*. Reconsideration motions are "disfavored" and "should be granted sparingly." *Id*. As this Court recently summarized, a motion for reconsideration:

> is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial "second bite at the apple" to a dissatisfied litigant. It is inappropriate where it merely reiterates previous arguments. It is not an occasion to present a better and more compelling argument that the party could have presented in the original briefs, or to introduce evidence that could have been addressed or presented previously. Aggrieved parties may not put a finer point on their old arguments and dicker about matters decided adversely to them.

---

[1] All docket citations in this opinion are to the *Gentry* docket unless otherwise noted.

> In sum, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.

*Id.* (internal citations and quotations omitted). As discussed below, the motion in *Gentry* does not pass muster under these standards.

Turning to *Abdurahman* and *Abdul-Mumit*, the January Opinion and accompanying order dismissed those cases, making a Rule 59(e) motion the proper vehicle for review. The standard of review, however, is virtually the same as articulated above regarding Rule 54(b) motions for reconsideration. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012); *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

**I.   The Court Properly Ruled on Those Issues over Which It Had Jurisdiction.**

Mr. Gentry's first argument is that that Court exceeded the scope of the MDL's remand and dismissed claims over which it lacks jurisdiction. (*See* dkt. 112 (Pls' Br.) at 4). The contention fails.

As Defendant HMA observes, "the Court never purported to reach the claims of non-remanded plaintiffs and expressly cited in its Opinion the scope of the Judicial Panel on Multidistrict Litigation's remand." (Dkt. 113 (Defs' Br.) at 2). The Court made quite clear what classes of claims were before it, and that Mr. Gentry "is the only remaining named plaintiff in *Gentry*." (January Opinion at 2, 3, 4).

The fact of the matter is that there are no pre-November 2 claims left before the Court in *Gentry*. That is not a function of the January Opinion, but of the Complaint itself and the identity of the named plaintiffs. Mr. Gentry falls within the putative post-November 2 class because he bought his car in 2013. (*Gentry* Complaint ¶ 8). So the January Opinion addressed whether he stated claims for himself and as a putative representative of the putative post-

November 2 class.

The four other named plaintiffs—Scott, Gilleland, Bowe, and DeSouto—are all members of the pre-November 2, 2012 class. (*Gentry* Complaint ¶¶ 14–17). But as the Court made clear, those four plaintiffs are satisfied with the MDL settlement and have not opted out of it. (January Opinion at 4). Their claims, then, are not before the Court.

The upshot is that there are *no* pre-November 2 claims plaintiffs before the Court. The only named plaintiffs in this lawsuit who—given their purchase dates—could represent a class of pre-November 2 opt-outs are not doing so; thus, there are simply no pre-November 2 disputes to adjudicate. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1305 (4th Cir. 1978) (observing that named plaintiffs in putative class action "are the representative parties, without whose presence as plaintiffs the case could not proceed as a class action"); *Feamster v. Compucom Sys., Inc.*, No. 7:15-CV-00564, 2016 WL 722190, at *5 (W.D. Va. Feb. 19, 2016) ("If all three named plaintiffs are barred from bringing a collective action, the case simply may not proceed in that form.").[2] Put more succinctly, it is as if the Complaint in *Gentry* does not contain any pre-November 2 claims. That is not because this Court dismissed them, but rather because claims of a putative pre-November 2 opt-out class cannot be adjudicated without a class representative, which is lacking.

## II. The Court Correctly Applied the Standard of Review.

Next, Mr. Gentry argues the Court clearly erred by failing to credit the facts alleged in the

---

[2] *See also Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) ("a federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class"); *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 n.3 (10th Cir. 2009) (compiling cases); *West v. Health Net of the Ne.*, 217 F.R.D. 163, 176 (D.N.J. 2003) (mootness of named plaintiff's claims before class certification results in dismissal of "the entire action, including its class claims, because there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant").

Complaint. (Pls' Br. at 5–6). The argument fails for the reasons summarized by Defendant HMA. (*See* Defs' Br. at 4–5).

First, contrary to Mr. Gentry's contention, it was proper for the Court to consider the attachments to the Complaint in deciding the motion to dismiss. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).[3]

Second, resort to these materials was necessary because the Complaint made insufficient, vague, generic statements about Defendant HMA's advertising campaign. *See* January Opinion at 10 (noting difficulty of ascertaining "what statements Gentry's causes of action involve"), 11, 14 (allegations about owner's manual were unhelpful given lack of allegations Mr. Gentry had read it before his purchase), 15 n.3 (no allegations that Mr. Gentry saw, relied upon, or was misled by Defendant's website). In considering a motion to dismiss a putative class action claim, courts do not give deference to "generalized allegations concerning unnamed plaintiffs or putative class members," and instead look "whether the named plaintiffs alleged sufficient facts" regarding themselves. *McCants v. NCAA*, 201 F. Supp. 3d 732, 740 (M.D.N.C. 2016); *see Marcantonio v. Dudzinski*, 155 F. Supp. 3d 619, 626 (W.D. Va. 2015) ("generic or general allegations" about defendants' conduct is insufficient).

Third, crediting the attachments over the vague allegations in the Complaint was proper, because "in the event of conflict between the bare allegations of the complaint and any exhibited attached [thereto], the exhibit prevails." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013) (quoting *Fayetteville Inv'rs v.*

---

[3] Indeed, Mr. Gentry urged the Court to rely upon the attachments (including those dealing with pre-November 2 claims) to bolster his post-November 2 claims, arguing that "when Hyundai leaves the false advertising up in a place where it expects and knows people will see it, it is responsible for the mayhem it causes." (*See* dkt. 92 at 6).

*Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *see also* Fed. R. Civ. P. 9(f).

### III.  Mr. Gentry's Lemon Law Claim Based on Fuel Mileage.

Mr. Gentry asserts the Court dismissed part of his Lemon Law claim for failure to give the statutorily-required notice. (Pls' Br. at 7). Defendant HMA correctly observes that this contention "mischaracteriz[es]" the January Opinion, which unambiguously stated its analysis rested on other grounds. (Defs' Br. at 5; *see* January Opinion at 13).

### IV.  The Claims in *Abdurahman* and *Abdul-Mumit* Are Deficient.

Plaintiffs in the *Abdurahman* and *Abdul-Mumit* mass actions mount additional arguments against the Court's dismissal of their claims. (*See* Pls' Br. at 7–13). These positions lack merit and are sufficiently rebutted by the reasons and authorities provided by Defendans. (*See* Defs' Br. at 6–8).

Most obviously, the Court provided "independent bases for dismissal" by concluding "the *Abdurahman* and *Abdul-Mumit* Complaints failed to satisfy federal pleading standards": The Complaints do not make a single, specific allegation about even one of the hundreds of named plaintiffs, much less about any of the seven, remaining opt-out plaintiffs. (Defs' Br. at 6–7 (citing January Opinion at 24–25)). Other arguments—*e.g.*, Plaintiffs' position that the Lemon Law does not require notice when it would be "vain" to do so—are simply recapitulations of their previously-rejected arguments that are improper on reconsideration.

### V.  Leave to Amend Was Correctly Denied.

Plaintiffs in all three cases complain that dismissal should not be with prejudice and without leave to amend. (Pls' Br. at 13–14). They advance the remarkable and muddled position (for which they cite no authority) that—despite remand to this Court by the MDL—"[t]here was no jurisdiction here to amend" the Complaint, ostensibly because "a whole

Complaint cannot be partially amended." (*Id*. at 13). Given that reconsideration is an extraordinary remedy and that the onus is on Plaintiffs to show (by citing applicable law and facts) a clear error or manifest injustice, the Court rejects Plaintiffs' position; it is insufficiently raised and thus waived, and—alternatively—fails to satisfy the motion for reconsideration standard.

Finally, Plaintiffs offer a single paragraph (again with no legal authorities) in support of their view that dismissal with prejudice was error. (Pls' Br. at 14 ¶ 17). The January Opinion thoroughly detailed why dismissal with prejudice was proper. (January Opinion at 28–30; *see* Defs' Br. at 9–12 (explaining reasons that "plaintiffs had notice of the deficiencies in their complaints" and "plaintiffs fail to show they could cure the defects in their complaints")). Plaintiffs have not carried their burden of showing that reconsideration is warranted.

## SUMMARY

For the foregoing reasons, Plaintiffs' motions for reconsideration will be denied. An accompanying order will issue. The Clerk is requested to send a copy of this opinion and the order to counsel.

Entered this __6th__ day of April, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE